IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WAYNE KRZYSIAK, et al,

    Plaintiffs,

v.

NAVISTAR INTERNATIONAL
CORPORATION AND
NAVISTAR, INC., et al.,

    Defendants.

:
:
:
:
:

Case No. 3:16-cv-443

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37 (DOC. #50); DEFENDANTS ORDERED TO (1) PROVIDE FULL AND COMPLETE RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (DOC. #50-1) AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (DOC. #50-3) WITHIN TEN BUSINESS DAYS OF THIS DECISION AND ENTRY; (2) MAKE AVAILABLE FOR DEPOSITIONS, AT A LOCATION DETERMINED BY PLAINTIFFS, NAVISTAR WITNESSES BRIAN DELPHEY, DAN PIKELNY AND ANY PARTICIPANT(S) IDENTIFIED IN INTERROGATORY NUMBER THREE (DOC. #50-1, PAGEID##1806-1807) WITH ALL DEPOSITIONS TO BE COMPLETED BEFORE TUESDAY, MAY 28, 2019; AND (3) DEFENDANTS TO PAY PLAINTIFFS' ATTORNEY FEES AND COSTS ASSOCIATED WITH THE FILING OF THIS MOTION AND ANY DISCOVERY, DUPLICATE OR OTHERWISE, DEEMED NECESSARY AS A RESULT OF THIS DECISION AND ENTRY

---

On September 25 and 26, 2018, a trial was held between Plaintiffs, Wayne Krzysiak and Michael LaCour ("Plaintiffs"), and Defendants, Navistar International, Navistar, Inc., Indianapolis Casting Corporation, Navistar Global Operations

Company, International Truck and Engine Overseas Corporation and Navistar Components Holdings, LLC ("Navistar"), on Navistar's statute of limitations defense ("the September trial"). At the conclusion of the September trial, the Court granted leave for Plaintiffs to file a motion to strike certain testimony that was allegedly not disclosed by Navistar in discovery responses prior to the trial.

In lieu of filing a motion to strike, Plaintiffs have, instead, filed a motion for sanctions pursuant to Fed. R. Civ. P. 37 against Navistar. Doc. #50. At the heart of Plaintiffs' motion are the responses of Navistar to Plaintiffs' First Set of Interrogatories and Second Set of Requests for Production [of Documents] ("the Discovery") (Doc. #50-1). Plaintiffs contend that Navistar's responses, in particular its response to Interrogatory No. 1, were intentionally misleading and part of a larger "strategy" to conceal from Plaintiffs Navistar's trial theory, to wit: that the September 26, 2013, meeting was the date when the statute of limitations began to run. Plaintiffs argue, in the alternative, that if this alleged concealment was not a deliberate strategy by Navistar, then the Discovery responses that were provided should have been timely supplemented, pursuant to Fed. R. Civ. P. 26(e), prior to the September trial. As a result of Navistar's alleged incomplete and incorrect responses to the Discovery, Plaintiffs claim "substantial prejudice"[1] and

---

[1] Plaintiffs contend that it was not until Navistar's opening statement that Plaintiffs learned, for the first time, that Navistar intended to rely on the September 26, 2013, meeting as the date Plaintiffs' allegedly acquired "actual knowledge" of their claims. This information in opening statement was quickly followed by Brian Delphey's testimony which gave Plaintiffs' no time to prepare a cross-examination of this witness as to his version of the September 26, 2013, meeting or to compare his testimony with what was

argue that sanctions are required pursuant to Rule 37. As will be explained in more detail below, Navistar opposes this motion and has filed a response. Doc. #52. Plaintiffs have filed a reply. Doc. #56. Additionally, oral argument on Plaintiffs' motion was held January 22, 2019.

For the reasons set forth below, the Court finds that Navistar's responses to Plaintiffs' Discovery were incorrect and incomplete and that this additional or corrective information had not otherwise been made known to Plaintiffs during the discovery process or in writing. In particular, and as explained below, the supplementation required by Rule 26(e) should have been in advance of the September trial. Because of this failure to supplement and violation of Rule 26(e), Rule 37(c) requires that sanctions be awarded to Plaintiffs.

I. **Background**

The history of this case, filed October 21, 2016, as well as its relationship to *Shy v. Navistar*, Case No. 3:92-cv-333, has been the subject of prior rulings by this Court and, given the limited nature of the subject matter at issue, will not be repeated in this Decision and Entry. See, Doc. #19, Decision and Entry Overruling Motion to Dismiss; Doc. #35, Decision and Entry Overruling Motion for Summary

---

disclosed by Navistar in their summary judgment motion. Mr. Delphey's testimony was then followed, after the noon hour recess, by Plaintiffs' testimony. As a result, Plaintiffs' counsel had limited time to refresh Plaintiffs' five year-old-recollections of what Plaintiffs were allegedly hearing for the first time at trial about the significance of the September 26, 2013, meeting. Doc. #50, PAGEID#1791.

3

Judgment. To date, the affirmative defense of the statute of limitations has been the subject of two separate motions filed by Navistar, Doc. #12 and Doc. #31, as well as the subject of the September trial.[2]

As explained by Navistar at the September trial, it is Navistar's position that the Employee Retirement Income Security Act's ("ERISA") statute of limitations, 29 U.S.C. § 1113(2), which provides that claims alleging breach of fiduciary duty or prohibited transactions must be filed within "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation[.]," first commenced at a meeting held September 26, 2013. In attendance at this September 26 meeting were Plaintiffs, Stuart Wohl of Segal Consultants, representing the Supplemental Benefit Committee ("SBC"), and Navistar representatives, Dan Pikelny ("Pikelny"), Brian Delphy ("Delphy") and Michael O'Connor. Pikelny and Delphy testified at the September trial and provided considerable detail as to what occurred at the September 26 meeting and, based in large part on this testimony, Navistar argues that Plaintiffs had "actual knowledge" of the facts forming the basis of Plaintiffs' claims on that date.

While Plaintiffs concede that they were aware of the September 26, 2013, meeting, they claim they were unaware that this was the date that Navistar claimed Plaintiffs first had actual knowledge of the facts forming any alleged ERISA breach or violation, until Navistar's opening statement on the first day of

---

[2] On June 26, 2018, this Court overruled Navistar's motion for summary judgment but granted their motion to bifurcate the statute of limitations defense. Doc. #35

the September trial. Plaintiffs argue that they relied on Navistar's responses to Discovery, served by Plaintiffs on July 20, 2017, and which consisted of three interrogatories and one document request. The three interrogatories and Navistar's responses are set forth below:

> INTERROGATORY NO. 1: Please identify the date on which you contend ERISA section 413(2)'s limitations period began to run with respect to the claims stated in this matter.
>
> ANSWER: Navistar refers Plaintiffs to Navistar's forthcoming motion for summary judgment and the materials attached thereto, which will be filed by September 21, 2017 (*see* Dkt. 23 and the Court's August 10, 2017 Notation Order).
>
> INTERROGATORY NO. 2: Please describe what information Plaintiffs acquired that you contend gave them 'actual knowledge of the breach or violation' sufficient to begin ERISA section 413(2)'s three-year limitations period.
>
> ANSWER: Navistar refers Plaintiffs to Navistar's forthcoming motion for summary judgment and the materials attached thereto, which will be filed by September 21, 2017 (*see* Dkt. 23 and the Court's August 10, 2017 Notation Order).
>
> INTERROGATORY NO. 3: Please identify the specific document(s), email(s), report(s), conversations(s), meeting(s), phone call(s), or any other source from which you contend Plaintiffs learned the information you described in Interrogatory No. 2. With respect to any conversation, meeting, or phone call, please identify the participants, date, time, and location of the conversation, meeting, or phone call.
>
> ANSWER: Navistar refers Plaintiffs to Navistar's forthcoming motion for summary judgment and the materials attached thereto, which will be filed by September 21, 2017 (*see* Dkt. 23 and the Court's August 10, 2017 Notation Order).

Doc. #50-1; Doc. #50-2.

The document request, which was Plaintiffs second such request and was served along with the three interrogatories, reads as follows: "8. All documents

5

identified in your response to Interrogatory No. 3, to the extent not otherwise produced in response to Plaintiffs' First Set of Requests for Production issued to Defendants on June 28, 2017." *Id.*[3]

Navistar's response to the document request also referenced the then-forthcoming motion for summary judgment.

> Navistar will conduct a reasonable search for and produce the requested documents as part of its ongoing production. Navistar also refers Plaintiffs to the documents Navistar has produced to date and the documents Navistar will attach to its forthcoming motion for summary judgment, which will be filed by September 21, 2017 (see Dkt. 23 and the Court's August 10, 2017 Notation Order).

Doc. #50-2.

According to Plaintiffs, Navistar produced a small number of documents in response to the above document request, most of which had previously been produced in discovery by Plaintiffs, and one internal email sent in advance of the September 26, 2013, meeting. Doc. # 50, PAGEID#1788.

Plaintiffs contend that Navistar's responses to the Discovery were incorrect, incomplete and not supplemented which resulted in substantial prejudice to Plaintiffs at the September trial.

> Despite direct and specific discovery requests from Plaintiffs, Navistar (1) concealed facts relating to its later contention [at trial] that Navistar made representations at its September 26, 2013, meeting with Plaintiffs [attended also by Plaintiffs' consultant Stuart Wohl of Segal Consultants] that gave Plaintiffs actual knowledge of

---

[3] Plaintiffs sent a first set of requests for production of documents, Doc. #50-3, which consisted of seven requests. Navistar responded and included a privilege log. Doc. ##50-4 and 50-7. The privilege log, Doc. #50-7, contains no entries relating to the September 26, 2013, meeting or Navistar's communications from October 7 through 21, 2013. Doc. #50, PAGEID#1789.

>its ERISA violations; and (2) failed to produce documents relating to
>its activities following the September 26, 2013, meeting.

Doc. #50, PAGEID# 1783.

Navistar has filed its opposition to Plaintiffs' motion, Doc. #52, setting forth a detailed timeline that shows, among other things, early disclosure of Delphey and Pikelny as potential Navistar witnesses. Navistar argues that the September 26, 2013, meeting was identified to Plaintiffs in discovery as "one of three key calls/meetings of relevance to the statute of limitations defense." Doc. #52, PAGEID##1861-1865. Navistar also contends that it deposed Plaintiffs and their consultant, Stuart Wohl, but Plaintiffs failed to take any depositions of the Navistar witnesses. Navistar further claims that the critical nature of the September 26, 2013, meeting would have been disclosed if only Plaintiffs had taken depositions of the Navistar witnesses. Finally, Navistar asserts that its responses to the Discovery complied with its obligations under the Federal Rules of Civil Procedure, that the interrogatories were "contention interrogatories that went to the heart of the legal arguments Navistar would be advancing in its forthcoming summary judgment motion"[4] and that Navistar's response of "referring Plaintiffs to the forthcoming motion" was a full and complete response. *Id.* at

---

[4]Contention interrogatories "ask a party to state the facts upon which it bases a claim or defense" or ask "for an opinion or contention that relates to fact or the application of law to fact." *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-cv-507, 2015 WL 7571905, at *5 (W.D. Ky. Nov. 24, 2015) (quoting *Alexander v. Hartford Life & Accident Ins, Co.*, No. 3:07-cv-1486, 2008 WL 906786, at *4 (N.D. Tex. Apr. 3, 2008). Even assuming the interrogatories at issue are contention interrogatories, they are permissible. *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998); Fed. R. Civ. P. 33(a)(2)).

PAGEID##1866-67. With respect to the alleged nondisclosure of any documents after the September 26, 2013, meeting, Navistar argues that Plaintiffs have failed to identify any "improperly withheld document." *Id.* at PAGEID#1873.

Not unexpectedly, Plaintiffs disagree with Navistar's claim that their responses, by referring Plaintiffs to the then "soon to be filed" summary judgment motion, fully disclosed the potential significance of the September 26, 2013, meeting and argue that Navistar

> hopes the Court will fail to recognize the distinction between disclosing the known fact that a meeting took place on September 26, 2013 and basing its case at trial on what Navistar allegedly told the Plaintiffs at that meeting. The Opposition does not even address whether it withheld documents that were requested by Plaintiffs that are directly relevant to the case Navistar presented at the trial.

Doc. #56, PAGEID#2011.

Stated another way, "[W]hile Navistar may have disclosed the known fact that there was a meeting at which Plaintiffs asked questions about the subsidies, that is not the same as disclosing Navistar's contention at trial that it answered those questions [about subsidies] at the meeting." *Id.* at 2013.

Plaintiffs have requested that this Court impose the following sanctions: (1) entry of judgment for Plaintiffs on Navistar's statute of limitations defense or (2) adverse inferences consisting of finding that (a) Delphey and Pikelny did not communicate Navistar's position on the treatment of the Medicare Part D subsidies and rebates in the calculation of the Shy Agreement participant contribution calculation to Plaintiffs at the September 26th meeting and/or (b) Navistar did not communicate its decisions on the treatment of the subsidies to

8

Plaintiffs until October 21, 2013. *Id.* at PAGEID# 1798. Finally, Plaintiffs propose that in the event the Court does not agree to sanction Navistar by way of either an entry of judgment on the statute of limitations issue in their favor or the above-requested adverse inferences, that discovery be opened up so that Plaintiffs can conduct depositions of the relevant Navistar witnesses concerning the statute of limitations and that the parties then also continue with discovery on the merits "followed by a single round of summary judgment briefing, addressing not only the new evidence relating to the statue of limitations issue but also the merits of the case." *Id.* at 1799.

**II. Legal Discussion**

Rule 26(e) requires a party to supplement an interrogatory or document production request in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing or as ordered by the court.

Moreover, if Navistar failed to provide information as required by Rule 26(e), and the failure to do so was not substantially justified or harmless, Rule 37(c) mandates that certain Draconian sanctions be awarded. *Vance, by and Through Hammons v. U.S.,* 182 F.3d 920 (6th Cir. 1999) (summary judgment for the defendant affirmed in medical malpractice case due to the failure of the plaintiff's expert to establish causation and expert's supplementary affidavit,

which arguably did establish causation, not considered since plaintiff failed to timely supplement pursuant to Rule 26 and Rule 37(c)(1) sanction of exclusion of affidavit justified).

Rule 37 (c) reads as follows:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[5]

The Court has reviewed the Plaintiffs' Discovery Requests, Navistar's responses, as well as its previously filed motion for summary judgment, Doc. #31. The Court must determine whether Navistar's responses to the Discovery requests, which Plaintiffs allege resulted in the "surprise testimony" of Delphey and Pekelny at the September trial and was "...the end stage of a strategy which

---

[5] Such orders include directing that certain matters or designated facts be taken as established, prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence, striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action or proceeding in whole or in part, rendering a default judgment against the disobedient party, or treating as contempt of court the failure to obey any order. Rule 37(b)(2)(A)(i)-(vi).

began with Navistar's initial misleading interrogatory response[s], proceeded through its summary judgment briefing, and extended until defense counsel's opening statement at trial," was simply a failure of Navistar to supplement in timely fashion as required by Rule 26(e), or was disclosed, as Navistar argues, in its summary judgment motion. Doc. #56, PAGEID#2012.

Although the Court is not prepared to find that Navistar played a deliberate "game of hide and seek" as Plaintiffs argue, neither does it find Navistar's responses to the Discovery to be consistent with the September trial testimony of Delphey and Pekelny. The responses to the Discovery, in particular Interrogatory No. 1, were incomplete and, as such, incorrect and the corrective information, i.e., the September 26, 2013, meeting date as the date that the statute of limitations began to run, was information that had not otherwise been made known to Plaintiffs. Accordingly, Navistar had a duty to supplement, pursuant to Rule 26(e), and Navistar's failure to do so was not excused by arguing that the "corrective information" was already known to Plaintiffs.

Unlike Navistar's trial testimony which specifically identified September 26, 2013, as the date Plaintiffs were told of Navistar's treatment of the subsidies, Navistar's motion for summary judgment is open-ended and states only that "Plaintiffs had actual knowledge of the relevant facts giving rise to their claims prior to October 21, 2013."[6] Doc. #31, PAGEID#789. For example, while the

---

[6] Plaintiffs' Complaint was filed October 21, 2016. Doc. #1.

September 26, 2013, meeting date is referenced in Navistar's motion for summary judgment, there are also references in the motion to September 27, October 1, October 3, and October 21, 2013. An affidavit of Delphey is attached to the summary judgment motion. However, it also makes no mention of the September 26, 2013, meeting as the date when the statute of limitations began to run and, in fact, makes no reference to any meeting date or conversation at all with Plaintiffs or Stuart Wohl.[7] In short, nowhere does Navistar state in its motion for summary judgment any specific date that "ERISA section 413(2)'s limitations period began to run with respect to the claims stated" or that Plaintiffs were told on September 26, 2013, of Navistar's treatment of the subsidies. Interrogatory No. 1 was short and specific and Navistar failed to respond to this interrogatory by providing the September 26, 2013, meeting date. This interrogatory should have been timely supplemented as required by Rule 26(e), prior to the September trial.

Similarly, Navistar failed to respond to Interrogatories No. 2 and 3 in a manner that was consistent with what was stated by the Navistar witnesses at

---

[7] While the affidavit of Brian Delphey mentions no meeting, it does reference Exhibit 11 (Exhibit K). This exhibit, according to the affidavit, is "an email chain that includes an October 3, 2013, email that I sent to Michael LaCour, Wayne Kryzysiak, Stuart Wohl, and others, with an attachment titled 'Rebate Subsidy Analysis.' The attachment is a spreadsheet prepared by Navistar detailing the Subsidies received to date." Doc. #31-1, PAGEID#812. Contained in that exhibit is an oblique reference, dated September 30, 2013, from Mike O'Connor at Navistar, which states "At Thursday's meeting [September 26, 2013] Wayne asked about the number of Shy members who had hearing claims." Doc. #33-11, PAGEID#1308.

the September trial. Navistar responded to Interrogatory No. 2, which sought "information Plaintiffs acquired that ... gave them 'actual knowledge of the breach or violation' sufficient to begin ERISA section 413(2)'s three-year limitations period," by referring Plaintiffs to the forthcoming motion for summary judgment. This response was incomplete and incorrect. Both Delphey and Pilkeny testified in detail at the September trial that Plaintiffs and Stuart Wohl were told at the September 26 meeting that the Medicare Part D subsidies and rebates would be credited to Navistar in the claim calculation. These Navistar witnesses testified as to what the Plaintiffs and Stuart Wohl said and did during the September 26 meeting as well as the discussion and calculations allegedly made by Stuart Wohl on the white board. However, neither Navistar's Discovery responses, nor its motion for summary judgment clearly disclosed the significance of this September 26, 2013, meeting.

Interrogatory 3 requested identification of specific documents including emails, telephone calls, or reports, from which Navistar contends Plaintiffs learned about the information described in Interrogatory No. 2. This interrogatory also requested the names of any participants in any conversation, meeting or phone call. This interrogatory, like the other two, was responded to by Navistar with a reference to its forthcoming motion for summary judgment. Plaintiffs argue that this interrogatory response, like Navistar's response to its single document request, is an incomplete and incorrect response. Specifically, Plaintiffs contend that the cross- examination testimony of Delphey and Pilkney

at the September trial disclosed potential discussions and meetings at Navistar following the September 26, 2013, meeting. Because there were apparently meetings and discussions following the September 26, 2013, meeting, Plaintiffs argue that Navistar must have additional documents to produce. Doc. #50, PAGEID#1789. Navistar dismisses this request by stating that Plaintiffs are unable to identify any document that Navistar failed to produce, Doc. #52, PAGEID#1870, and further states that Plaintiffs' characterization of the Navistar witnesses' September trial testimony is inaccurate. In response, Plaintiffs claim that it is "inconceivable" that no email, draft, memorandum or note exists internally at Navistar given the activities occurring at Navistar to prepare for the September 26 meeting, to report on the results of the meeting, or to collect accounting information promised to Stuart Wohl in response to his October 7, 2013, email. Doc. #56, PAGEID##2015-16. While Plaintiffs are unable to identify any specific document that was not produced, Navistar's response to the document requests, like the interrogatories, must be supplemented as required by Rule 26(e).

### III. Conclusion

Given that the Court finds that the Discovery should have been supplemented by Navistar pursuant to Rule 26(e), and that the failure to do so was neither substantially justified nor harmless, sanctions will be awarded to Plaintiffs pursuant to Rule 37(c)(1). However, the Court does not agree with the extreme sanctions requested by Plaintiffs, such as entering judgment in favor of

Plaintiffs on the statute of limitations defense or imposing adverse inferences upon Navistar which might have the same effect.

Accordingly, the Court SUSTAINS Plaintiffs' motion for sanctions, pursuant to Fed. R. Civ. P. 37, Doc. #50, and orders that discovery be reopened for the limited purpose of addressing the statute of limitations defense. Navistar is Ordered to:

(1) supplement, within ten business days from the date of this Decision and Entry, its responses to Plaintiffs' First Set of Interrogatories and Second Set of Requests for Production of Documents (Doc. #50-1) and First Request for Production of Documents (Doc. #50-3);

(2) make Brian Delphey, Dan Pikelny, and, any "participants," identified in Interrogatory number three of the Discovery, Doc.#50-1, PAGEID##1806-1807, available for depositions, with the subject matter of said depositions to be any testimony that relates, refers or pertains to the events and circumstances surrounding the statute of limitations defense. All depositions are to be conducted at a location selected by Plaintiffs and completed on or before May 28, 2019; and

(3) pay all reasonable legal fees and costs incurred by Plaintiffs in the preparation and filing of this motion, Doc. #50, and any discovery deemed necessary as the result thereof. Said Request for Fees and Costs are to be filed with the Court by the close of business on Monday, June 10, 2019, with successive briefing to be filed pursuant to the Local Rules of Court.

A telephone status conference will be scheduled with the Court following the completion of discovery on May 28, 2019, to wit: Friday, May 31, 2019, at 8:30 a.m., to determine a date for the filing of a renewed motion for summary judgment and/or a trial date to supplement the testimony adduced at the September trial, or both.

Date: March 26, 2019

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE